IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY TRAINOR, # B-51552,
MICHAEL TURNER, # K-51650,
TERRANCE GARRETT, # N-92748,
JAMES GROLEAU, # R-52557,
DYLAN METZEL, # B-56652,
and KEVEREZ TANZY, # B-76690,

        Plaintiffs,

v.                                No. 3:17-cv-00627-DRH

LARRY GEBKE,
ROBERT C. MUELLER,
MONICA CHRISTIANSON,
and OFFICER ROVENSTEIN,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for case management. On June 14, 2017, Plaintiff Trainor filed the instant action naming himself and 5 other individuals as Plaintiffs, all of whom are incarcerated at Centralia Correctional Center ("Centralia"). Only Trainor signed the Complaint, however. (Doc. 1, p. 17). The Complaint alleges that Defendants have denied each Plaintiff permission to receive certain publications, in violation of the First Amendment.

Four of the 6 Plaintiffs have filed a motion to proceed *in forma pauperis* ("IFP") (Docs. 2, 6, 8, & 10). The Complaint indicates that Plaintiffs wish to seek

class certification for this action, however, no motion to this effect has been filed.[1] (Doc. 1, pp. 14-16).   Before the Court addresses the need for additional signatures on the Complaint or considers the pending motions, it is necessary to deal with some preliminary matters related to the attempt to jointly file this case as a group action including multiple Plaintiffs.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints.   District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied.   Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action."   Nonetheless, a district court may turn to other civil rules to manage a

---

[1] A motion for class certification by a *pro se* incarcerated plaintiff will be unlikely to succeed. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).  The Federal Rules permit class actions to be maintained only if the class representative "will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)).

multi-plaintiff case.  If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b).  *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it.  *Id.*  In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation.  First, group litigation creates countervailing costs.  Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5.  This means that if there are six plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be six times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11."  *Boriboune*, 391 F.3d at 854-55.  According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group

complaint, whether or not they concern him personally.  Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases.  If that severance of claims occurs, the plaintiffs will be liable for another full filing fee for each new case.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).  The Seventh Circuit in *Owens v. Godinez*, 860 F.3d 434 (7th Cir. 2017), recently issued strong encouragement to district courts to enforce the directive of *George*. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out."  *Boriboune*, 391 F.3d at 856.  Therefore, in keeping with this suggestion, the Court offers all of the Plaintiffs, other than Plaintiff Trainor, whom it designates as the "lead" Plaintiff[2] in this case, an opportunity to withdraw from this litigation before the case progresses further.  Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

---

[2] Trainor is designated as the lead Plaintiff because he is the only Plaintiff to have signed the Complaint, and because he is the first Plaintiff listed in the case caption.  (Doc. 1).

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[3]

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs.  As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[4]  A non-attorney cannot file or sign papers for another litigant.  For this reason, each of the non-lead Plaintiffs who wishes to continue with this joint action must sign the Complaint before the action may

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court.  *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[4] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."   FED. R. CIV. P. 11(a).

proceed.  Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Disposition

**IT IS HEREBY ORDERED** that each non-lead Plaintiff (**TURNER**, **GARRETT, GROLEAU, METZEL,** and **TANZY)** shall advise the Court in writing on or before **August 18, 2017,** whether he wishes to continue as a Plaintiff in this group action.  If, by that deadline, any non-lead Plaintiff advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[5]

**IT IS FURTHER ORDERED** that each non-lead Plaintiff who chooses to continue as a Plaintiff in this group action must submit a copy of the Complaint (Doc. 1) bearing his signature, on or before the August 18, 2017, deadline.  To enable the Plaintiffs to comply with this Order, the **CLERK** is **DIRECTED** to return a copy of the 17-page Complaint (Doc. 1, pp. 1-17) to each non-lead Plaintiff.  However, the Clerk need not return a copy of the Exhibits (Docs. 1-1, 1-2, 1-3, and 1-4), to the Plaintiffs.  The Court will retain a copy of the Exhibits now on file.

**IT IS FURTHER ORDERED** that if any non-lead Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing *and* he must submit a signed Complaint by the August 18, 2017, deadline.

---

[5] As the lead Plaintiff, Trainor may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

His claims shall then be severed into a new action where a filing fee will be assessed and his motion to proceed IFP (if one has been filed) shall be considered.

**IT IS FURTHER ORDERED** that each non-lead Plaintiff who chooses to continue as a Plaintiff either in this action or in a severed individual case, is hereby **ORDERED** to pay his filing fee of $400.00 or file a properly completed motion for leave to proceed IFP if he has not already done so, on or before August 18, 2017. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, each Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 12/14/2016 to 6/14/17. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs, and to enclose a blank form IFP motion and trust fund account certification form for Plaintiffs Groleau and Metzel, who have not filed an IFP motion to date.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by the non-lead Plaintiffs is

required before the Court can complete its preliminary review of this matter under § 1915A.  As soon as this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 19th of July, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.07.19 17:00:44 -05'00'

**UNITED STATES DISTRICT JUDGE**