IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**COREY TRAINOR, # B-51552,**
**MICHAEL TURNER, # K-51650,**
**and KEVEREZ TANZY, # B-76690,**

**Plaintiffs,**

v.                                                    No. 3:17-cv-00627-DRH

**LARRY GEBKE,**
**ROBERT C. MUELLER,**
**MONICA CHRISTIANSON,**
**and OFFICER ROVENSTEIN,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court for case management. This action was filed on June 14, 2017, by Plaintiff Trainor. The Complaint named 5 other individual prisoners as co-Plaintiffs, but none of those 5 had signed the pleading. The action alleges that Defendants have denied each Plaintiff permission to receive certain publications, in violation of the First Amendment.

On July 20, 2017 (Doc. 13), the Court designated Trainor as the lead Plaintiff, and ordered each non-lead Plaintiff to advise the Court whether he wished to continue as a party in this group action. Any co-Plaintiff who chose to continue his participation in the case was ordered to submit a copy of the Complaint bearing his signature, and to either pay the $400.00 filing fee or submit a motion for leave to proceed *in forma pauperis* ("IFP"). Three co-

Plaintiffs (Garrett, Groleau, and Metzel) responded that they did not want to participate in the suit, and they have been dismissed from the action.  (Docs. 16, 19, 23).

On July 31, 2017, Trainor and Turner submitted a joint response (Doc. 17), indicating their desire to continue together with the action.  Their response included a complete copy of the original Complaint bearing both their signatures (Doc. 17, pp. 2-18), along with certificates of service (Doc. 17, pp. 19-20).  Trainor and Turner have each been granted permission to proceed IFP in this action based on their motions.  (Docs. 12, 20).

On August 21, 2017, the Court received a response from Keverez Tanzy.  (Doc. 22).  Tanzy reports that on June 16, 2017, just days after this action was filed, he was released from prison and now resides in Kankakee, Illinois.  He stated that he wants to move forward as a participant in the group action, and requested the Court to supply him with a motion for leave to proceed IFP.  He also submitted a copy of the Complaint, however, he did not sign it on the proper page, which was the last page of the Complaint (containing paragraphs 83-88 and numbered "17" at the bottom of the page), which had Trainor's signature.  (Doc. 22, p. 18).  Instead, Tanzy mistakenly signed only the copy of the certificate of service that had been signed by Trainor on June 8, 2017.  (Doc. 22, p. 19).

In order for Tanzy to proceed as a co-Plaintiff in this group action, he must re-submit a copy of the Complaint, with his signature on the Complaint itself (not on the certificate of service, which is merely an attachment to the Complaint).  To

that end, the Clerk shall be directed to mail to Tanzy a copy of the Complaint which has now been signed by both Trainor and Turner (Doc. 17). The Clerk shall also be directed to mail Tanzy a blank form motion for leave to proceed IFP.[1]

In the alternative, Tanzy may choose to pursue his claims in an individual action, severed from this group litigation. He is reminded of the warnings contained in the previous case management order (Doc. 13) – particularly the requirement that any motion, amended pleading, or other document filed on behalf of the 3 co-Plaintiffs must be signed by each Plaintiff individually. A Plaintiff who participates in an action without attorney representation must sign documents for himself; a non-attorney cannot file or sign papers for another litigant. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2] Group motions or pleadings that do not comply with these requirements shall be stricken pursuant to Rule 11(a). Additionally, all documents submitted to the Court must be served on every other co-Plaintiff and on the opposing parties pursuant to Federal Rule of Civil Procedure 5. These requirements may present difficulties due to the fact that Tanzy is no longer incarcerated in the same institution where Trainor and Turner are confined.

---

[1] Tanzy had previously submitted a motion for leave to proceed IFP (Doc. 6), but it failed to contain any information about his prisoner trust fund account. Because this action was filed during Tanzy's imprisonment, the Court must evaluate his prisoner trust fund transactions for the 6 months prior to the filing date of this action (December 14, 2016- June 14, 2017).

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

**Disposition**

**IT IS HEREBY ORDERED** that **KEVEREZ TANZY**, if he still wishes to continue as a co-Plaintiff in this group action along with Trainor and Turner, shall submit the following documents to the Clerk of Court within 21 days of this order (on or before September 18, 2017):

(1) A copy of the Complaint, with his signature on the proper page, which is the last page of the Complaint and contains paragraphs 83-88. Because both Trainor's and Turner's signatures appear on the document filed as Doc. 17 (which is identical to the original Complaint), the Clerk will be directed to send Trainor a copy of that document.
(2) A completed motion for leave to proceed IFP, and a copy of Tanzy's prisoner trust fund statement covering the dates from Dec. 14, 2016 – June 14, 2017.

In the alternative, if Tanzy chooses to have his claims severed into an individual action, he **SHALL** so notify the Court, within 21 days of this order (on or before September 18, 2017). Within the same deadline, Tanzy **SHALL** also submit a properly signed Complaint. This can be the original Complaint with his signature properly added as described above, or he may prepare his own individual pleading. Finally, Tanzy **SHALL** submit a completed motion for leave to proceed IFP, along with a copy of his prisoner trust fund statement covering the dates from Dec. 14, 2016 – June 14, 2017.

To enable Tanzy to comply with this Order, the **CLERK** is **DIRECTED** to mail him the following documents:

(1) A copy of the Complaint (Doc. 17) which now bears the signatures of Trainor and Turner;
(2) A blank form motion for leave to proceed IFP;
(3) A blank form civil rights complaint for Tanzy's use if he chooses to draft an amended complaint to proceed individually with his claims in a severed action.

The Clerk is **DIRECTED** to send a copy of this order to Trainor, Turner, and Tanzy.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants.  Further action by Tanzy is required before the Court can complete its preliminary review of this matter under § 1915A.  As soon as this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
Signed this 28th day of August, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.08.28
12:40:44 -05'00'

**UNITED STATES DISTRICT JUDGE**