IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY TRAINOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-01182-MAB |
| | ) |
| MONICA CHRISTIANSON AND | ) |
| OFFICER ROVENSTEIN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

### FACTUAL BACKGROUND

Plaintiff Corey Trainor, an inmate with the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on June 14, 2017 naming himself and five other prisoners as co-Plaintiffs (Doc. 1). In his complaint, Plaintiff alleges that Defendants violated his, and his co-Plaintiffs', First Amendment rights by preventing them from receiving certain publications. Plaintiff Trainor also raises a retaliation claim (*Id.*).

After a threshold review, pursuant to 28 U.S.C. § 1915A, Plaintiff's claims were

severed into two separate cases, as the Court found that Plaintiff's retaliation claims (Counts 1 and 2) against Defendants Christianson and Rovenstein were unrelated to the claims against two other Defendants, Gebke and Mueller (Doc. 1).[1] *See* FED. R. CIV. P. 20(a)(2). Accordingly, Plaintiff was allowed to proceed on two claims against Defendants Rovenstein and Christianson while his third claim against Gebke and Mueller was severed (Doc. 1).

On January 21, 2020, Defendants Christianson and Rovenstein filed a motion for summary judgment, with Plaintiff's response due by February 24, 2020 (Docs. 37, 38). Plaintiff did not file a response to Defendant's motion for summary judgment by the February 24, 2020 deadline.

On August 4, 2020, the Court ordered Plaintiff to show cause, in writing, by September 2, 2020 as to why his case should not be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b). Plaintiff was also explicitly warned that if he failed to respond to this Order or file a response to Defendant's motion for summary judgment, the case would be dismissed (Doc. 41). To date, Plaintiff has not filed anything with the Court in response to this Order or Defendants' motion for summary judgment.

---

[1] Plaintiff's claims are as follows: 1) First Amendment retaliation claim against Christianson for diverting Plaintiff Trainor's newspapers to other inmates and sending Trainor's photograph packed to Internal Affairs after Trainor filed a grievance against her; 2) First Amendment retaliation claim against Rovenstein for refusing to release any of Plaintiff Trainor's photographs to him in September 2016, because Plaintiff Trainor requested Rovenstein to document the confiscation of the "inappropriate" photos; and 3) First Amendment claim against Gebke and Mueller for rejecting Trainor's book and magazine in August 2015 and rejecting Turner's magazine in August 2016 where the rejection was not reasonably related to legitimate penological interests and (as to Plaintiff Trainor's material) was based on racially and culturally biased criteria.

## ANALYSIS

Under the Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff was directed to respond to Defendants' motion for summary judgment. He failed to do so by the deadline despite being warned of the consequences. In fact, in an Order entered on August 4, 2020, the Court reminded Plaintiff that, at that time, his response to the motion for summary judgment was due on or before February 24, 2020 (Doc. 41). In this Order, the Court inadvertently outlined that this deadline was subject to the two Administrative Orders issued as a result of the COVID-19 pandemic, which were not entered until later in March after Plaintiff's deadline, and, therefore, Plaintiff had an additional 60 days to respond to the motion for summary judgment. This mistake, though, worked in Plaintiff's favor, as the Court mistakenly believed that Plaintiff had until April 24, 2020 to respond

to Defendants' motion for summary judgment. Even with this extension of time, Plaintiff still failed to respond to the Court's Order prompting him to show cause why he has failed to respond to the motion for summary judgment.

The Court noted that instead of responding to the Court's Show Cause Order, Plaintiff could simply file a response to the summary judgment motion (Doc. 41). Plaintiff's failure to file anything in response to the Defendants' summary judgment motion or the Court's Show Cause Order, however, does not appear to be out of the ordinary for this case. In fact, the Court has reviewed the docket and as best the Court can tell, Plaintiff has not communicated with the Court in any fashion since October 2018 (*e.g.* Doc. 25). Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendants' motion for summary judgment (Doc. 37) is rendered **MOOT**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

IT IS SO ORDERED.

DATED: September 9, 2020

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**
